IN THE MATTER OF THE COMMITMENT OF A.L.U.

Superior Court of New Jersey
Appellate Division

Argued November 7, 1983—Decided January 10, 1984.

Before Judges BISCHOFF, PETRELLA and BRODY.

*Laura M. LeWinn,* Acting Director, Division of Mental Health Advocacy, Department of the Public Advocate, argued the cause for appellant *(Joseph H. Rodriguez,* Public Advocate of New Jersey, attorney; *Laura M. LeWinn* and *Richard I. Friedman,* Assistant Deputy Public Advocate, on the brief).

*Josephine R. Potuto,* Assistant Essex County Prosecutor, argued the cause for respondent State of New Jersey *(George L. Schneider,* Essex County Prosecutor, attorney; *Marc J. Friedman,* Assistant Essex County Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

*Jones v. United States,* —— U.S. ——, 103 *S.Ct.* 3043, 77 *L.Ed.*2d 694 (1983), requires us to reconsider what minimum standard of proof is constitutionally mandated for the involuntary commitment of a criminal defendant to a mental hospital after he has been found not guilty by reason of insanity (NGI). In *Jones* the United States Supreme Court held that due process is satisfied if the criteria for commitment are proved by a "preponderance of the evidence." The Court thereby allowed a standard of proof for committing NGI's that is lower than the standard required for involuntary commitment in a civil proceeding where due process requires that the criteria be proved by "clear and convincing evidence." *Addington v. Texas,* 441 *U.S.* 418, 99 *S.Ct.* 1804, 60 *L.Ed.*2d 323 (1979). The *N.J.S.A.* 2C:4–8(b)(3) "preponderance of the evidence" standard for committing NGI's is therefore constitutional.

As a result of being found not guilty of armed robbery and related charges by reason of insanity, A.L.U. was committed in 1977 to the Forensic Psychiatric Hospital. Following a periodic review of the commitment, the trial court found "by a preponderance of the evidence" that A.L.U. remains mentally ill and that his release "would pose a danger to well being of both [A.L.U.] and ... the members of society." A.L.U. argues that

in New Jersey the higher standard of proof required in *Addington* for civil commitments must prevail over the lower standard permitted in *Jones* for NGI commitments because New Jersey statutory and case law treat civil and criminal committees the same.

*State v. Krol,* 68 *N.J.* 236 (1975), established criteria and procedures for committing NGI's under *N.J.S.A.* 2A:163–3 (superseded by *N.J.S.A.* 2C:4–8). The statute dealt with in *Krol* authorized commitment "until such time as he may be restored to reason." Once committed under *Title* 2A, a committee's status could be changed only after a hearing "on the motion of either the State or the defendant." *State v. Krol, supra,* at 263. The *Krol* Court further established the preponderance-of-evidence standard for both the original commitment and any change in status after commitment, the burden of proof falling on "the party seeking the modification [*i.e.,* more or lesser restraints] or termination." *Id.* at 263, n. 13. The Court may have thought that as a practical matter NGI's would usually be committed whatever the standard, and because the committee would be the party most likely to initiate post-commitment proceedings, he would benefit from having to bear the lower standard of proof.

In *State v. Fields,* 77 *N.J.* 282 (1978), the Court required periodic reviews of the status of committees at which the State would bear the same burden of proof as it had at the initial commitment hearing. *Id.* at 299–300; *see R.* 4:74–7(f). The committee, however, would remain free to challenge his commitment and its terms "at any time in the interim between the scheduled periodic review hearings." *Id.* at 303–304. Periodic reviews made it likely that the post-commitment burden of proof would more often be borne by the State to justify continuing commitment than by the committee to justify release or lesser restraints. Nevertheless, the Court expressly retained the lower standard of proof although it noted that the United States Supreme Court was about to consider the question in *Addington*. *Id.* at 299–300, n. 6.

When the United States Supreme Court later held in *Addington* that due process requires the "clear and convincing evidence" standard in order to obtain an involuntary civil commitment, this court held in effect that the United States Supreme Court intended the higher standard to apply as well in periodic review hearings for NGI committees. *In re Scelfo,* 170 *N.J.Super.* 394, 397 (App.Div.1979). The *Scelfo* court undoubtedly took for granted that whatever standard of proof was constitutionally required for civil commitments would be required for NGI commitments because of the clear statement in *Fields* that "the fact that a mentally ill person has committed an act which would expose a mentally competent person to criminal sanction is a constitutionally unacceptable justification for granting him less procedural and substantive protection against involuntary commitment than that generally afforded all other members of society." *State v. Fields, supra,* 77 *N.J.* at 294.

Despite the holding in *Scelfo,* the Legislature amended *N.J. S.A.* 2C:4–8(b)(3) in 1981 by adding in part the following:

The defendant's continued commitment, under the law governing civil commitment, shall be established by a preponderance of the evidence, during the maximum period of imprisonment that could have been imposed, as an ordinary term of imprisonment, for any charge on which the defendant has been acquitted by reason of insanity. [*L.* 1981, *c.* 290, § 9]

The trial judge applied the statutory standard of "preponderance of the evidence" in finding that A.L.U.'s commitment must be continued.

While this appeal was pending, the United States Supreme Court decided *Jones* which holds that NGI's may constitutionally be committed on the preponderance of the evidence. The Court limited to civil commitment proceedings the clear-and-convincing standard called for in *Addington.* It stated that NGI committees as a class, having engaged in criminal conduct, are more likely to be dangerous than civil committees who could be committed under *Addington* "for mere 'idiosyncratic behavior.'" *Jones, supra* —— *U.S.* at ——, 103 *S.Ct.* at 3049, 77 *L.Ed.*

2d at 705. Of course, in New Jersey the criteria for committing NGI's or anyone else are the same. In all cases there must be a finding of mental illness and dangerousness to self, others or property. *State v. Krol, supra* 68 *N.J.* at 249; *N.J.S.A.* 2C:4–8(b)(3); *N.J.S.A.* 30:4–23 *et seq.*; *R.* 4:74–7(f).

As it now stands, our Supreme Court requires that the standard of proof in committing NGI's is a preponderance of the evidence. *Jones* holds that the preponderance-of-the-evidence standard is constitutionally acceptable in NGI cases. We must therefore conclude that the preponderance-of-the-evidence standard in *N.J.S.A.* 2C:4–8(b)(3) is constitutional and that *In re Scelfo* was incorrectly decided in light of *Jones.* We need not decide whether the *Jones* gloss on *Addington* allows New Jersey, which does not commit for idiosyncratic behavior, to adhere constitutionally to the lower standard in civil commitment cases. We note, however, that in citing *Jones* our Supreme Court has said that the "standard of proof in civil commitment must flexibly consider the demands of the particular situation." *In re S.L.,* 94 *N.J.* 128, 141, n. 10 (1983).

■ On another point, A.L.U. correctly argues that the trial judge erred in failing to rule on his request for transfer to a less restrictive facility. The judge erroneously deferred to the commissioner in ruling that A.L.U. continue to be committed "to such mental health facility as shall be determined to be appropriate in the sound discretion of the Commissioner of the Department of Human Services for the care, treatment and security of [A.L.U.] and for the security of society." At a periodic review hearing, "[t]he determination of the suitable level of restraint is a matter entrusted to the sound discretion of the reviewing judge based on his first-hand evaluation of the particular case. . . . " *State v. Fields, supra* 77 *N.J.* at 303.

Reversed and remanded for an adjudication of the level of restraint appropriate to A.L.U. We do not retain jurisdiction.